UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD GENE MITTIE,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　Defendant. | Case No. 1:21-cv-00393-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(ECF Nos. 1, 23). |

　　This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding his application for supplemental security income benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 29).

　　Plaintiff argues as follows:

　　(1) The ALJ erred in finding that Plaintiff's depression was a non-severe impairment at Step Two and the resultant [residual functional capacity (RFC)] fails to include limitations related to that impairment.

　　(2) The ALJ's RFC determination fails to consider all the relevant evidence and is not based on substantial evidence.

(ECF No. 23, p. 1).

Having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, the Court finds as follows:

## I. ANALYSIS

### A. Step-two Finding

Plaintiff argues that the ALJ erred at Step Two by finding that his depression was not a severe impairment and that the resulting RFC assessment failed to reflect limitations relating to this impairment. (ECF No. 23, p. 9). Specifically, Plaintiff argues that the ALJ failed to consider two medical opinions from Plaintiff's treatment providers, opining that he was incapable of working due to mental health symptoms; that the ALJ "cherry-picked" the record to support the opinion; and, that the ALJ failed to address his subjective symptom testimony. (*Id.* at 9-10).

If a claimant has a medically determinable impairment (MDI), the ALJ must determine whether the impairment is severe, which is referred to as Step Two. 20 C.F.R. § 416.920(c). An impairment is severe if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." *Id.* "Basic work activities" is defined as "the abilities and aptitudes necessary to do most jobs," such as walking, standing, sitting, remembering simple instructions, and responding appropriately to supervision. 20 C.F.R. 416.922(b).

The Ninth Circuit has provided the following guidance regarding whether medically determinable impairments are severe under Step Two:

> An impairment or combination of impairments may be found "not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." [*Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)] (internal quotation marks omitted) (emphasis added); *see Yuckert v. Bowen,* 841 F.2d 303, 306 (9th Cir. 1988). The Commissioner has stated that "[i]f an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation should not end with the not severe evaluation step." S.S.R. No. 85–28 (1985). Step two, then, is "a de minimis screening device [used] to dispose of groundless claims," *Smolen,* 80 F.3d at 1290, and an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is "clearly established by medical evidence." S.S.R. 85–28. Thus, applying our normal standard of review to the requirements of step two, we must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that Webb did not have a medically severe impairment or combination of impairments. *See*

> *also Yuckert,* 841 F.2d at 306 ("Despite the deference usually accorded to the Secretary's application of regulations, numerous appellate courts have imposed a narrow construction upon the severity regulation applied here.")

*Webb v. Barnhart*, 433 F.3d 683, 686-87 (9th Cir. 2005). Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.*

For mental impairments, the ALJ considers four broad functional areas to rate the degree of any functional limitations, specifically, the ability to: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. § 416.920a(c)(3).

Here, the ALJ found that Plaintiff had some severe impairments: "stress fracture of the left tibia with history of remote fracture and chronic pain, and remote history of laceration of left wrist with chronic pain." (A.R. 22) However, the ALJ concluded that Plaintiff's depression was not a severe impairment:

> The claimant was diagnosed with an unspecified mood disorder after he self-referred for mental health services in May 2018. He reported a history of depression since childhood and ongoing symptoms such as a low mood, difficulty sleeping, and loss of interest (11F-7, 9, 10). The evidence of record from the claimant's mental health provider contains sporadic notes of the claimant's participation in therapy (Exhibit 11F-1, 4). The claimant testified that he received counseling services one to two times per month with some benefit. He did not take any psychiatric medication, reporting that he declined them because he had been through drug rehabilitation and did not want to take drugs (Hearing Testimony). This comparatively sparse record of the claimant's treatment does not demonstrate that the claimant's unspecified mood disorder causes a more than minimal limitation in the claimant's ability to perform basic work activities.
>
> In making this finding, the undersigned has considered the broad functional areas of mental functioning set out in the disability regulations for evaluating mental disorders and in the Listing of Impairments (20 CFR, Part 404, Subpart P, Appendix 1). These four broad functional areas are known as the "paragraph B" criteria.
>
> The first functional area is understanding, remembering or applying information. In this area, the claimant has mild limitation. The claimant was assessed with average estimated intelligence, coherent thought flow, fair abstraction, and fair immediate recall, short-term memory, recent memory, and remote memory

(Exhibit 11F-9). The consultative examiner found that the claimant was a reliable historian (Exhibit 5F-1). Accordingly, the claimant has a no more than mild limitation in this area of mental functioning.

The next functional area is interacting with others. In this area, the claimant has mild limitation. The claimant was described as having poor social skills. However, he was also assessed with behavior within cultural norms, described as cooperative, and maintained good eye contact (Exhibit 1F-2, 15, 2F-1, 5F-2, 11F-9, 14F-4, 15F-6). Moreover, the claimant testified to spending time with friends and family. Accordingly, the claimant has a no more than mild limitation in this area of mental functioning.

The third functional area is concentrating, persisting or maintaining pace. In this area, the claimant has mild limitation. There is no evidence of significant concentration deficits in the medical evidence of record. The claimant presented as alert and oriented in all spheres throughout the record (Exhibit 2F-1, 9F-1, 11F-7, 12F-2, 14F-4, 15F-6). Accordingly, the claimant has a no more than mild limitation in this area of mental functioning.

The fourth functional area is adapting or managing oneself. In this area, the claimant has no limitation. The claimant was assessed with fair insight and fair, normal, and intact judgment (Exhibit 11F-9, 12F-2, 15F-6). Accordingly, the claimant has no mild limitation in this area of mental functioning.

Because the claimant's medically determinable mental impairment causes no more than "mild" limitation in any of the functional areas and the evidence does not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities, it is non-severe. (20 CFR 416.920a(d)(1)).

(A.R. 23).

As Plaintiff points out, absent from this discussion is any consideration of the medical opinions of Suthy Righ and Karina Hernandez from Turning Point Mental Health, who both opined that mental health limitations rendered Plaintiff temporarily disabled for certain time periods in 2018 and 2019. (ECF No. 23, p. 9, citing A.R. 284, 352). For example, Righ gave the opinion that Plaintiff suffered from "severe depression, hopelessness, worthlessness, [and] anger" and could not work for a period of time, and Hernandez gave the opinion that Plaintiff experiences "sadness, hopelessness, difficulty sleeping, worthlessness, and difficulty concentrating" and could not work for a period of time. (A.R. 284, 352). Although the ALJ addressed these opinions later in the analysis, she did not address them in connection with Step Two. (ECF No. 26, p. 10, citing A.R. 26-27).

Nor did the ALJ consider medical records indicating "significant impairment," "probability of significant deterioration," and symptoms including suicidal thoughts, hopelessness, worthlessness, and difficulty sleeping at this step. (A.R. 339-41) (capitalization omitted).

Additionally, the ALJ did not explain why Plaintiff's subjective complaints should be wholly discounted at Step Two. Although the ALJ acknowledged some of Plaintiff's subjective complaints in his hearing testimony and medical records, the ALJ did not specifically address why these complaints should be completely discounted at this step in the analysis. (*See* A.R. 48). This omission cases further doubt on the ALJ's Step Two determination.[1]

In light of the above discussion and the low standard for the *de minimis* screening required at Step Two, the Court finds that the ALJ's determination at Step Two that Plaintiff's depression was not severe was erroneous.

## II.   CONCLUSION AND ORDER

Accordingly, the decision of the Commissioner of the Social Security Administration is REVERSED and REMANDED for further administrative proceedings consistent with this decision. Specifically, the ALJ's determination that Plaintiff's depression was a non-severe impairment at Step Two is reversed. The ALJ shall proceed to the further steps of the analysis with full consideration of additional limitations in the RFC, if any, regarding this impairment in addition to the other impairments identified by the ALJ's opinion.

The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant.

IT IS SO ORDERED.

Dated:   **September 22, 2022**           /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE

---

[1] In light of the remand at Step Two, the Court will not address Plaintiff's additional arguments regarding the adequacy of the RFC or the ALJ's evaluation of Plaintiff's subjective complaints elsewhere in the opinion.